Nicholas A. Dodich v. Commissioner.
Dodich v. Commissioner
Docket No. 3161-69.
United States Tax Court
T.C. Memo 1971-58; 1971 Tax Ct. Memo LEXIS 278; 30 T.C.M. (CCH) 248; T.C.M. (RIA) 71058; March 29, 1971, Filed *278 Nicholas A. Dodich, pro se, 13208 Mindanao Way, Marina Del Rey, Calif.Harold W. Vestermark, for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The Commissioner determined deficiencies in petitioner's 1965 and 1966 income taxes in the amounts of $1,117.57 and $985.81, respectively. Petitioner is an unmarried individual who resided in Marina Del Rey, California, when the petition herein was filed. He filed his 1965 and 1966 Federal income tax returns with the district director of internal revenue at Los Angeles. Some of the facts have been stipulated. During the taxable years and for some period prior thereto petitioner was employed as a "full-time" laboratory technician at the University of California. He reported salaries in the respective amounts of $8,546 and $9,386 for 1965 and 1966. 249 Petitioner had a scientific background and was mechanically inclined. In 1958, in addition to his work at the University of California, he began to operate a sole proprietorship under the name of Dodich Aircraft Company. In that capacity he developed and produced one or two helicopters and various helicopter parts. He continued these activities *279 during the taxable years. Although he made serious efforts to interest certain persons or organizations in his helicopter with a view towards its commercial exploitation, he was unsuccessful in this respect. During these years he also sought to promote two other products developed by him: a muzzle brake for a U.S. M-1 Garand Rifle and a tie and belt rack. His expenses incurred in these various activities exceeded his receipts therefrom in the amounts of $5,507.40 for 1965 and $4,351.82 for 1966. He claimed deductions on his returns in respect of these losses. The Commissioner disallowed the deductions on the ground that the losses were not incurred "in connection with an existing trade or business" carried on by petitioner. The issue is entirely factual: Did petitioner carry on the activities in question with the bona fide purpose of realizing a profit? , affirmed (C.A. 2), certiorari denied, . Although the matter may not be completely free from doubt, we are reasonably satisfied on the record before us that petitioner sincerely and honestly sought to conduct his enterprise with *280 a view towards obtaining a profit, and that he was actually carrying on a trade or business during the taxable years rather than engaging in preliminary research and development activities as suggested by the Government. We so find as a fact. The losses incurred in connection with that enterprise are deductible. Decision will be entered for the petitioner.